ZEHMER, Judge
(concurring).
I fully concur in Judge Allen’s majority opinion in all respects save one. In my view, the trial court also erred in granting a directed verdict for the defendant on the evidence presented without regard to any additional testimony from the defendant’s store manager.
Leaving the carpet cutting tool in the aisle used by store customers negligently created a dangerous condition that could cause an injury to others in the manner shown by the evidence in this case. However, it was not necessary for the injured plaintiff to establish that the defendant had notice of the creation of this negligent condition by proof either that a store employee had left the tool there or that a customer left it in the aisle for a sufficiently long period of time to place the defendant on actual or constructive notice. Rather, the fact, seemingly undisputed, that the defendant provided the carpet cutting tool for use by its employees and also permitted its use by customers imposed a correlative duty, when either used the tool as permitted by the defendant, to insure that the authorized user properly replaced it and did not leave it in the aisle so as to create the dangerous condition. The defendant did not establish as a matter of law that it took all réquired steps to instruct customers in the use and replacement of the cutting tool or otherwise employed measures to see that such customers did not leave the tool in the aisle. And, of course, if this act was *1097 committed by an employee rather than a customer, the defendant would be liable for the negligent act of its employee. Hence, the evidence was legally sufficient to require sending the case to the jury for its decision. I would, therefore, also reverse as to the directed verdict for the defendant.